Matter of HMC Holding Corp. v 539 Gates, LLC (2019 NY Slip Op 02169)





Matter of HMC Holding Corp. v 539 Gates, LLC


2019 NY Slip Op 02169


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8767 650499/14

[*1]In re HMC Holding Corp., Petitioner-Respondent,
v
539 Gates, LLC, et al., Respondents-Appellants.


Mancinelli & Associates P.C., New York (Steven Mancinelli of counsel), for appellants.
Schneider Law Group, New York (Allan R. Freedman of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about November 23, 2017, which denied respondents' motion to vacate a January 16, 2015 judgment ordering respondents to return certain funds to an account in the name of 539 Gates LLC, unanimously reversed, on the law and the facts, without costs, and the motion granted.
The purpose of the escrow granted in the first arbitration award was to preserve 539 Gates's funds until an accounting could determine how those funds were to be distributed. Although the January 16, 2015 judgment, confirming the award, granted an accounting, the accounting was never completed until the second arbitration award and its judicial confirmation. The second arbitration award stated: "This Award is in full settlement of all claims and counterclaims submitted to this arbitration." Petitioner appealed, and on February 26, 2018, the New Jersey Appellate Division affirmed the trial court's confirmation of the award in the second arbitration (539 Gates, LLC v HMC Holding Corp., 2018 WL 1040527, 2018 N.J. Super. Unpub. LEXIS 433 [NJ App Div Feb. 26, 2018]). This constituted "sufficient reason" to vacate the January 16, 2015 judgment "in the interests of substantial justice" (Goldman v Cotter, 10 AD3d 289, 293 [1st Dept 2004], citing Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003] [other citations omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK